EL VOCERO DE PUERTO RICO (CARIBBEAN INTERNATIONAL NEWS CORPORATION), peticionario, *v.* HON. CARLOS A. CABÁN GARCÍA, demandado.

*Número:* MD-92-1 *Resuelto:* 15 de enero de 1992

*Juan R. Marchand Quintero*, abogado del peticionario.

## RESOLUCIÓN

Examinado el recurso de *mandamus* radicado por el peticionario *El Vocero de Puerto Rico*, el Tribunal provee no ha lugar al ejercicio de su jurisdicción original. Se ordena el traslado de este asunto al Tribunal Superior de Puerto Rico, Sala de San Juan.

*La presente resolución deberá ser notificada por la vía telefónica y ordinaria.*

Lo acordó el Tribunal y certifica el señor Secretario General. El Juez Presidente Señor Pons Núñez no intervino. El Juez Asociado Señor Negrón García emitió un voto disidente, al cual se unió el Juez Asociado Señor Rebollo López.

*(Fdo.)* Francisco R. Agrait Lladó
*Secretario General*

**— O —**

Voto disidente del Juez Asociado Señor Negrón García, al cual se une el Juez Asociado Señor Rebollo López.

I

Los hechos que dan margen al presente *mandamus* son sencillos. Desde ayer se está ventilando ante el Hon. Juez Carlos A. Cabán García (Tribunal de Distrito, Sala de San Juan) la vista preliminar para determinar causa probable para el arresto (Regla 6 de Procedimiento Criminal, 32 L.P.R.A. Ap. II) contra el Presidente de la Cámara de Representantes, Hon. José Ronaldo Jarabo.

*El Vocero de Puerto Rico* (Caribbean International News Corp.), por conducto de su abogado Lcdo. José E. Colón Rodríguez, solicitó acceso a la vista. El tribunal se negó. Nos piden lo autoricemos.

II

El reclamo de *El Vocero de Puerto Rico* se apuntala en el derecho constitucional de libertad de prensa y de expresión garantizado por nuestra Constitución y por la Constitución

federal. Específicamente, invoca el caso *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1 (1986).

En dicho caso el Supremo federal resolvió que el derecho de acceso del público a los juicios criminales bajo la Primera Enmienda a la Constitución federal se extiende a las *vistas preliminares posteriores* a la del arresto, según se conducen en el estado de California. Allá, la vista preliminar es abierta al público, excepto en los casos que se demuestra que la exclusión es necesaria para la consecución de un juicio justo e imparcial.

La cuestión ante nos presenta la eterna colisión entre el derecho a la intimidad y a un juicio justo e imparcial, *vis-à-vis* la libertad de expresión y la libertad de prensa. Las Reglas de Procedimiento Criminal nada disponen en cuanto a la vista para ordenar el *arresto*. Ciertamente existen múltiples situaciones que hacen imperativo su celebración en privado debido a intereses apremiantes del Estado o de los ciudadanos objetos de los procedimientos. Ausentes estos intereses, no hay razón alguna para que sea privada.

En lugar de proveer un no ha lugar, ordenaríamos al tribunal de instancia la celebración inmediata de una vista a los fines antes indicados.